FILED US District Court-UT
MAR 06 '24 AM 11:51

TRINA A. HIGGINS, United States Attorney (#7349)
SIRENA MILLER WISSLER, Assistant United States Attorney (#7450)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVIN MICHAEL TEW,<br><br>Defendant. | **INDICTMENT**<br><br>COUNT 1: 21 U.S.C. § 843(a)(6), Unlawful Possession of Drug Manufacturing Paraphernalia;<br><br>COUNT 2: 21 U.S.C. § 331(a), Introduction Into Interstate Commerce Any Drug that is Misbranded<br><br>COUNT 3: 42 U.S.C. §§ 264, 271(a), Failure to Follow Regulations Governing Manufacture and Distribution of Human Tissue;<br><br>COUNTS 4-6: 31 U.S.C. § 5324(a)(3), Structuring a Transaction to Evade Reporting Requirement<br><br>Case: 2:24-cr-00075<br>Assigned To : Parrish, Jill N.<br>Assign. Date : 3/5/2024 |
|---|---|

The Grand Jury charges:

1

## COUNT 1
## 21 U.S.C. § 843(a)(6)
### (Unlawful Possession of Drug Manufacturing Paraphernalia)

Between at least 2018 and continuing until 2022 in the District of Utah,

DEVIN MICHAEL TEW,

the defendant herein, did knowingly and intentionally possess materials which may be used to manufacture a controlled substance, knowing, intending, or having reasonable cause to believe that the said materials would be used to manufacture a controlled substance in a manner other than authorized by 21 U.S.C. §§ 801 through 901, all in violation of 21 U.S.C. § 843(a)(6).

## COUNT 2
## 21 U.S.C. § 331(a)
### (Introduction Into Interstate Commerce of Any Drug that is Misbranded)

On or about July 17, 2019, in the District of Utah and elsewhere,

DEVIN MICHAEL TEW,

the defendant herein, with the intent to defraud and mislead, did introduce and deliver for introduction into interstate commerce, from South Jordan, Utah to Mission, Kansas, a drug that was misbranded under 21 U.S.C. § 352(o), in that it was prepared, compounded, and processed in an establishment in the District of Utah that was not duly registered with the Food and Drug Administration and was not included in a list of drugs manufactured by a registered drug facility, all in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

## COUNT 3
## 42 U.S.C. §§ 264 and 271(a)
**(Failure to Follow Regulations Governing Manufacture and Distribution of Human Tissue)**

Between at least 2018 and continuing until 2022 in the District of Utah,

DEVIN MICHAEL TEW,

the defendant herein, did violate regulations promulgated under Section 264 of the Public Health Act (42 U.S.C. § 264), to-wit: regulations found in 21 C.F.R. §§ 1271.145 and 1271.10(b) governing the prevention of the transmission and spread of communicable diseases related to the manufacture and distribution of human cells, tissues, and cellular and tissue-based products (HCT/Ps), , all in violation of 42 U.S.C. §§ 264 and 271(a).

## COUNT 4
## 31 U.S.C. § 5324(a)(3)
**(Structuring a Transaction to Evade Reporting Requirement)**

Between on or about December 15, 2020 through on or about December 24, 2020, in the District of Utah,

DEVIN MICHAEL TEW,

the defendant herein, acting alone or in conjunction with another person whose identity is known to the grand jury, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did knowingly structure or assist in structuring, or attempt to structure or assist in structuring, the following transactions with one or more domestic financial institutions:

| DATE | CURRENCY WITHDRAWAL AMOUNT | FINANCIAL INSTITUTION | BANK ACCOUNT |
|---|---|---|---|
| 12/15/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/16/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/17/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/18/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/21/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/22/2020 | $1,247.49 | JP Morgan Chase Bank | xxx9387 |
| 12/22/2020 | $8,000 | JP Morgan Chase Bank | xxx9387 |
| 12/23/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 12/24/2020 | $9,000 | JP Morgan Chase Bank | xxx9387 |

All in violation of Tile 31, United States Code, Section 5324(a)(3).

## COUNT 5
## 31 U.S.C. § 5324(a)(3)
### (Structuring a Transaction to Evade Reporting Requirement)

Between on or about January 19, 2021 through on or about January 28, 2021, in the District of Utah,

DEVIN MICHAEL TEW,

the defendant herein, acting alone or in conjunction with another person whose identity is known to the grand jury, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did knowingly structure or assist in structuring, or attempt to structure or assist in structuring, the following transactions with one or more domestic financial institutions:

4

| DATE | CURRENCY WITHDRAWAL AMOUNT | FINANCIAL INSTITUTION | BANK ACCOUNT |
|---|---|---|---|
| 01/19/2021 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 01/20/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 01/21/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 01/22/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 01/25/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 01/26/2021 | $899.80 | JP Morgan Chase Bank | xxx9387 |
| 01/26/2021 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 01/28/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |

All in violation of Tile 31, United States Code, Section 5324(a)(3).

## COUNT 6
## 31 U.S.C. § 5324(a)(3)
## (Structuring a Transaction to Evade Reporting Requirement)

Between on or about February 8, 2021 through on or about February 11, 2021, in the District of Utah,

DEVIN MICHAEL TEW,

the defendant herein, acting alone or in conjunction with another person whose identity is known to the grand jury, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did knowingly structure or assist in structuring, or attempt to structure or assist in structuring, the following transactions with one or more domestic financial institutions:

| DATE | CURRENCY WITHDRAWAL AMOUNT | FINANCIAL INSTITUTION | BANK ACCOUNT |
|---|---|---|---|
| 02/08/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 02/09/2021 | $1,244 | JP Morgan Chase Bank | xxx9387 |
| 02/09/2021 | $9,000 | JP Morgan Chase Bank | xxx9387 |
| 02/10/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |
| 02/11/2021 | $9,500 | JP Morgan Chase Bank | xxx9387 |

All in violation of Tile 31, United States Code, Section 5324(a)(3).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853(a), upon conviction of any offense violating 21 U.S.C. § 843, the defendant shall forfeit to the United States of America any property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to:

(a) $179,061.34 in USD
(b) Collectable Coins valued at $18,011
(c) $89,857.36 seized from Bank of America Account ending in xx2016
(d) Electric Bicycle
(e) Collection of Canadian penny coins
(f) Collection of Canadian nickel coins
(g) Trailblazer Firearms 22 LR Lifecard pistol
(h) Sig Sauer P365 pistol with two magazines
(i) Kel-Tec P17 22LR pistol with three magazines

 (j)  Kel-Tec PMR-30 22WMR pistol with two magazines

 (k)  Kel-Tec KS7 12-guage shotgun

 (l)  Smith & Wesson M & P 15-22 rifle

 (m) Smith & Wesson M & P 15-22 rifle

 (n)  Charles Daly Model AR12S 12-guage shotgun with one magazine and carrying handle

 (o)  Any and all poppy seeds and/or poppy straw seized during the course of the investigation.

Pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), upon conviction of any offense violating 21 U.S.C. § 331, the defendant shall forfeit to the United States of America any misbranded drug which may not be introduced into interstate commerce under 21 U.S.C. § 331. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 21 U.S.C. § 853(p).

Pursuant to 31 U.S.C. § 5317(c)(1), upon conviction of any offense violating 31 U.S.C. § 5324, the defendant shall forfeit to the United States of America all property, real or personal, involved in the offense and any property traceable thereto. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
JENNIFER K. MUYSKENS
Assistant United States Attorney