TRINA A. HIGGINS, United States Attorney (#7349)
SIRENA MILLER WISLLER, Assistant United States Attorney (#7450)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEVIN MICHAEL TEW, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br> Case No. 2:24-cr-00075-JNP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

☒     **Assuming Defendant Devin Tew appears for his arraignment, the United States will not be seeking his detention. However, the United States is seeking some conditions of pretrial release. Those conditions and the basis for the conditions are set forth below.**

☒     Based on the defendant's record and history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and will endanger the safety of the community.  Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

**Factual Basis for the Charged Offenses**

    This case involves the defendant's illegal operation of two "businesses." The first business involves the defendant's operation of www.Poppyseedwash.com. Counts 1 and 2 relate to the defendant's promotion and sale of large quantities of unwashed poppy seeds and paraphernalia for the purpose of making a "tea" from the opium alkaloids found on the poppy seed wash. Opium alkaloids are a Schedule II controlled substance, and the tea gives users a high. Overdose can result. For example, the April 2016 death of

a young man in Arkansas was determined to be a morphine overdose resulting from poppy seed tea consumption.[1] The defendant was warned by the FDA in 2018 about his on-line marketing of poppy seed wash as a medicinal product. The defendant continued to make false and misleading claims, and continued to distribute large quantities of unwashed poppy seeds and paraphernalia to users. In 2019, law enforcement conducted an undercover operation, purchasing from the defendant several pounds of unwashed poppyseeds, bottles, and instructions on how to make the tea. In 2021, law enforcement seized 10 tons of unwashed poppyseeds, bottles, and other materials from the defendant's possession. Law enforcement also recovered eight firearms from the defendant's home.

The second business involves the defendant's distribution of his semen through the use of two websites he ran: UtahSpermDonor.org and ShipSperm.com. Count 3 relates to this conduct. Since 2015, the defendant has been selling and distributing his semen for the purpose of "home insemination." Hundreds of sales are documented. Semen is a regulated human cell, tissue, and cellular tissue product (HCT/P). In violation of the law, the defendant's businesses are not registered to distribute semen and the defendant never complied with regulations governing the testing of semen for communicable diseases before distributing to women for insertion in their bodies. Perhaps even more disturbing, the defendant marketed his semen business as a "non-profit," stated that there were multiple donors, and that clients would be matched with donors fitting their requested characteristics; in reality, the defendant was the only donor. Financial records reflect that the defendant sold hundreds of "kits" containing his untested semen. In 2021, the defendant was informed that his semen business violated federal law. Yet, ShipSperm.com continues be an operating website as recently as March 28, 2024.

Counts 4-6 of the indictment relate to the money obtained from these two "businesses" and the defendant's efforts to conceal his money. Financial records reveal that the defendant received hundreds of thousands of dollars from the sale of his semen and poppy seed wash/paraphernalia. Approximately $180,000 in cash was found in the defendant's home in 2021. Financial records reveal that the defendant used an employee and bank accounts in the employee's name to regularly engage in structuring to avoid reporting requirements. On an almost daily basis, thousands of dollars in cash were withdrawn and provided to the defendant by the employee.

**The United States is seeking conditions of release to manage the defendant's flight risk and the danger he poses to the community.**

In 2018, the defendant received a written warning about his illegal marketing and claims regarding poppy seed wash. That warning did not deter his promotion and

---

[1] *See* "FDA's Poppy Seed Letter Pleases Arkansas Father; Son Was Poisoned," Arkansas Online (Aug. 15, 2018), found at https://www.arkansasonline.com/news/2018/aug/15/fda-s-poppy-seed-letter-pleases-dad-son/  (last visited Mar. 28, 2024).

distribution of poppy seed wash and paraphernalia. In 2021, the defendant was told that his sale of semen was in violation of federal law. His website, ShipSperm.com remains active to this day and explicitly offers the defendant's sperm for sale as part of a "kit" for $98.00. To this day, ShipSperm.com is not registered for the sale of HCT/Ps, as required by law. Semen is expressly defined as an HCT/P that is regulated. There is also no evidence that the defendant is in compliance with federal regulations requiring testing of his semen for communicable diseases before distributing it. Indeed, the defendant admitted during this investigation that he was not getting tested for communicable diseases.

The defendant's financial history is also concerning. The defendant has demonstrated that his use of cash and his structuring of transactions are means to avoid reporting and monitoring of his financial activities.

The United States is concerned about the safety of the community. Despite warnings and notifications about his illegal conduct, the defendant did not stop. Where, as here, conditions of release are required to reasonably assure the appearance of the defendant and protect the safety of any other person or the community, the Court should impose such conditions.  18 U.S.C. § 3142(c).

**Therefore, under the circumstances, the United States believes the defendant should be subject to certain conditions of pretrial release to help assure that he does not flee and does not pose any danger to the public.  So long as appropriate conditions of release are imposed and the defendant demonstrates by appearing in court that he is not a flight risk, the United States will not seek his pretrial detention.  Instead, in addition to the Court's standard conditions of pretrial release, the United States will request that the Court order:**

1. Defendant shall maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by his pretrial officer.  18 U.S.C. § 3142(c)(1)(B)(ii);

2. Defendant shall surrender his passport and shall not obtain or apply for a new passport.  18 U.S.C. § 3142(c)(1)(B)(i);

3. Defendant shall not leave the State of Utah without prior approval from his pretrial services officer and to not leave the United States without prior approval from the Court.  18 U.S.C. § 3142(c)(1)(B)(iv);

4. Defendant shall report on a regular basis to the pretrial officer as directed, and immediately report to the pretrial officer any contact with law enforcement personnel, including arrests, questioning, or traffic stops. 18 U.S.C. § 3142(c)(1)(B)(vi);

5. Defendant shall maintain his current address and not change his address without prior approval from his pretrial services officer.  18 U.S.C. § 3142(c)(1)(B)(iv);

6. Defendant shall not possess any firearms, ammunition, destructive devices, or other dangerous weapon. 18 U.S.C. § 3142(c)(1)(B)(viii);

7. Defendant shall not use or unlawfully possess a narcotic drug and other controlled substances as defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner. All such prescriptions must be reported to the pretrial officer. 18 U.S.C. § 3142(c)(1)(B)(ix);

8. Defendant shall not sell or distribute poppy seed wash, poppy seed tea, or related paraphernalia. 18 U.S.C. § 3142(c)(1)(B)(xiv);

9. Defendant shall submit to drug/alcohol testing as directed by the pretrial officer, and shall pay all or part of the cost of the drug testing. 18 U.S.C. § 3142(c)(1)(B)(x);

10. Defendant shall submit his person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residence that the premises may be subject to searches pursuant to this condition.

11. Defendant shall not sell or distribute his semen for artificial insemination. 18 U.S.C. § 3142(c)(1)(B)(xiv); 18 U.S.C. § 3142(c)(1)(B)(xiv);

12. Defendant shall cease operation of the website ShipSperm.Com. 18 U.S.C. § 3142(c)(1)(B)(xiv);

13. Defendant may not operate any websites for the sale of any products or items or services, without the prior approval of his pretrial services officer. 18 U.S.C. § 3142(c)(1)(B)(xiv); and

14. Defendant shall provide truthful financial information to his pretrial officer regarding his finances, income, assets, debts, and withdrawals. 18 U.S.C. § 3142(c)(1)(B)(xiv).

*********

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐      The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A**) a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

       **OR**

☐  Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

    ☐ **(A)** a serious risk the defendant will flee; **or**
    ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

  **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

  **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

  **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

6

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled hearing supporting the imposition of conditions of release on the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐  The defendant's prior failures to appear for court proceedings.
☐  Other reasons including:

**Victim Notification**

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☐  The victim(s) in this matter seek(s) a no contact order.

☒  This matter does not involve a victim requiring notification.

DATED this 28th day of March, 2024.

TRINA A. HIGGINS
United States Attorney

 /s/  Jennifer K. Muyskens
Jennifer K. Muyskens
Assistant United States Attorney